UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKETING SOLUTIONS INTERNATIONAL, <br><br> Plaintiff, <br><br> v. <br><br> FIVE STAR RESORTS TRAVEL LLC, <br><br> Defendant. | Case No. C17-435RSM <br><br> ORDER TO SERVE DEFENDANT |

This matter comes before the Court *sua sponte*. According to the Complaint in this case, On June 7, 2017, the Court Ordered Plaintiff Marketing Solutions International to inform the Court if Marketing Solutions International is a sole proprietorship, explain why Plaintiff's method of service by mail was proper, and to provide the current status of Plaintiff's prosecution of this case. On June 17, 2017, Plaintiff responded by stating that it is a sole proprietorship under the control of Mark William Daigle, who is filing on its behalf. Dkt. #7. Plaintiff stated that service by mail was its "only recourse" as it had paid a company to serve "but they could not reach James Kelch… through personal service… [and] there were no persons manning building [sic] where the principal office of the respondent is located." *Id*. Plaintiff informs the Court that "[t]he status of the Plaintiff's case is in first stage of filing the case to the court." *Id*.

ORDER TO SERVE DEFENDANT - 1

The Court will accept Plaintiff's assertion that it is a sole proprietorship and allow Mr. Daigle to file on behalf of his business. However, the Court does not accept Plaintiff's position that it has properly served Defendant in this case.

To determine whether service of process is proper, courts look to the requirements of Federal Rule of Civil Procedure 4. Rule 4(h) provides two methods for proper service on a business defendant. First, a plaintiff may serve a business pursuant to state law in the state where the district court is located. Fed. R. Civ. P. 4(h)(1)(A). To properly serve a corporate defendant under Washington law, a plaintiff must deliver a copy of the summons "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9). Second, Rule 4(h) allows a plaintiff to serve a corporation "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). In any event, service by mail may not be accomplished unless Plaintiff moves the Court for alternative service and sets forth an appropriate basis for that request. Pursuant to Rule 4(m), service must occur within 90 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court can dismiss the action without prejudice or extend the time for service. Fed. R. Civ. P. 4(m).

The Court concludes that Plaintiff has not properly served Defendant Five Star Resorts Travel, LLC. Plaintiff may not simply mail a copy of the Summons and Complaint to

ORDER TO SERVE DEFENDANT - 2

Defendant's address without seeking the Court's permission. Because 90 days have passed since Plaintiff filed the Complaint, the Court could dismiss this case without prejudice, but will instead extend the time for service by 30 days. *See* Rule 4(m). The Court is not convinced by the limited information before it that service by mail is warranted in this case and encourages Plaintiff to renew its effort to serve Defendant as required under Rule 4(h)(1).

Accordingly, the Court hereby finds and ORDERS that Plaintiff must properly serve Defendant **within thirty (30) days of the date of this Order**. Failure to properly serve Defendant will result in dismissal of this case without prejudice.

DATED this 19 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SERVE DEFENDANT - 3